UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:19-CR-00095-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | )<br>) **ORDER** |
| NATHANIEL ELLIS, | )<br>) |
| Defendant. | )<br>) |
| PETITION OF RICHARD AUTEN | )<br>) |

**THIS MATTER** is before the Court on the United States's Motion to Dismiss (Doc. No. 23) the Petition of Richard Auten's for the return of a firearm subject to forfeiture in this action. For the reasons set forth below, the United States's Motion is **GRANTED**.

## I. BACKGROUND

On August 22, 2019, the Grand Jury returned a Superseding Bill of Indictment (Doc. No. 15) against Defendant Nathaniel Ellis for possession of a firearm and possession of ammunition by a prohibited person. The Indictment contained a Grand Jury finding of probable cause for forfeiture of a Colt Defender pistol, which Mr. Ellis unlawfully possessed as a previously convicted felon. On September 4, 2019, following a plea of guilty (Doc. No. 17) by Defendant, this Court issued a Consent Order and Judgment of Forfeiture (Doc. No. 19) for the Colt Defender, which was incorporated into the Judgment (Doc. No. 36).

On September 9, 2019, the United States sent direct notice of the Consent Order to Richard Auten (Doc. No. 22). The form Notice that the United States sends in criminal forfeiture cases, attached as Exhibit 1 to the Motion to Dismiss, (Doc. No. 23-1), instructed potential petitioners like Mr. Auten on the legal requirements for filing a petition and the requirement to

1

sign a petition under penalty of perjury.

On or about September 11, 2019, Petitioner Auten submitted the Petition whereby he purports to be the owner of the firearm that Defendant possessed during the course of his offenses (Doc. No. 21). Mr. Auten did not sign his Petition under penalty of perjury. Id.

## II. DISCUSSION

"A person asserting a legal interest in property forfeited to the United States in a criminal case may petition a court for a hearing to determine the validity of the alleged interest within 30 days of receiving the notice of forfeiture." U.S. v. Gaither, 2020 WL 2041343, at *2 (W.D.N.C. Apr. 28, 2020) (citing 21 U.S.C. § 853(n)(2)); see also United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (explaining that the preliminary order becomes final as to the defendant at sentencing, and then final as to third parties at the conclusion of the ancillary proceeding).

"Such petition must be signed under penalty of perjury and state the nature and extent of the property interest, the time and circumstances of the acquisition of the interest, and any additional facts supporting the claim." 21 U.S.C. § 853(n)(3). A claimant has the burden of proving, by a preponderance of the evidence, that he has a right, title, or interest in the property. Id. § 853(n)(6). Under Federal Rule of Criminal Procedure 32.2, this Court has discretion to dismiss a petition such as Auten's in a forfeiture ancillary proceeding for a variety of reasons. See Fed. R. Crim. P. 32.2(c)(1)(A) ("In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.").

Relevant here, 21 U.S.C. § 853(n)(3) expressly provides that a petition "shall be signed by the petitioner under penalty of perjury . . ." Courts strictly construe the signature under penalty

2

of perjury requirement as an important stop-gap to minimize the danger of false claims. See United States v. Molina-Sanchez, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) ("[T]he notice served on petitioner expressly stated that any petition must be filed under penalty of perjury, as required by the statute . . . Nothing in the record shows any reason for noncompliance. On this basis, therefore, the Petition should be dismissed."); United States v. Sanders, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 4, 2019) (dismissing pro se petition for failure to comply with penalty of perjury requirement); see also United States v. Loria, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) (following United States v. $487,825, 484 F.3d 662 (3d Cir. 2007)); United States v. Wagner, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017).

This requirement is particularly important in the case of dangerous and regulated property such as firearm. See, e.g., Gaither, 2020 WL 2041343, at *3 ("The Government is not required to simply accept [Petitioner's] word that he is the lawful owner of the pistol, but rather it must exercise proper due diligence in returning a firearm used in a crime."). Here, Petitioner Auten did not sign his Petition under penalty of perjury, and his Petition is subject to dismissal under 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2.

**IT IS THEREFORE, ORDERED**, that the United States's Motion to Dismiss the Petition of Richard Auten (Doc. No. 23) is **GRANTED** and the Petition (Doc. No. 21) is stricken and **HEREBY DISMISSED**.

**IT IS SO ORDERED.**

Signed: March 21, 2024

Frank D. Whitney
United States District Judge